UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| IRA JEROME ROSS | CIVIL ACTION NO. 21-2305 |
| | SECTION P |
| VS. | |
| | JUDGE TERRY A. DOUGHTY |
| STATE OF LOUISIANA, ET AL. | MAG. JUDGE KAYLA D. MCCLUSKY |

## REPORT AND RECOMMENDATION

Plaintiff Ira Jerome Ross, a prisoner at Allen Correctional Center proceeding pro se, filed this proceeding on approximately April 23, 2021, under 42 U.S.C. § 1983. He names the State of Louisiana and the 1st Judicial District Court as defendants.[1] For reasons below, the Court should dismiss Plaintiff's claims.

## Background

Plaintiff faults the State of Louisiana and the 1st Judicial District Court in Caddo Parish, Louisiana, for failing to issue orders, instructions, or rulings in a civil lawsuit he filed against his former habeas counsel on July 24, 2014. [doc. #s 1, p. 4; 1-1, pp. 2-3]. He alleges that his suit has been pending for almost seven years. [doc. # 1, p. 4].

Plaintiff seeks nominal damages, compensatory damages, punitive damages, and a declaratory judgment. [doc. #s 1, pp. 4-5].

## Law and Analysis

**1. Preliminary Screening**

As a prisoner seeking redress from an officer or employee of a governmental entity,

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Section 1915A(b) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

2

task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra*. A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. State of Louisiana**

Plaintiff names the State of Louisiana as a defendant. Liability under 42 U.S.C. § 1983 only applies to "person[s]" who deprive others of rights secured by the Constitution. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, the Court should dismiss Plaintiff's claims against the State of Louisiana.

**3. First Judicial District Court**

Federal Rule of Civil Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Under Louisiana law, an entity must qualify as a "juridical person," which is "an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE art. 24. Here, the First Judicial District Court does not qualify as a juridical person.[3] Accordingly, the Court should dismiss Plaintiff's claims against this entity.

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Ira Jerome Ross's claims be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's "Motion for Service of Lawsuit,"

---

[3] *See Griffith v. Louisiana*, 808 F. Supp. 2d 926, 934 (E.D. La. 2011) ("[A] Louisiana state court does not qualify as a juridical person and thus lacks the capacity to be sued."); *Swift v. Juvenile Court*, 2009-1182 (La. App. 3 Cir. 3/10/10), 2010 WL 786031 (finding "that the law does not grant a juvenile court the procedural capacity to sue or be sued."); *Damond v. Marullo*, No. 2019 CA 0676, 2020 WL 862180, at *3 (La. Ct. App. Feb. 20, 2020), *writ denied,* 302 So. 3d 1122 (La. 2020) ("Moreover, Article 5 of the Louisiana Constitution, entitled 'Judicial Branch,' provides for the establishment of the courts in this state. Absent therein is any provision declaring that the courts are juridical persons or otherwise granting the courts the procedural capacity to be sued."); *Durden v. Bryson*, 2017 WL 4855437, at *2 (W.D. La. Sept. 26, 2017), report and recommendation adopted, 2017 WL 4847783 (W.D. La. Oct. 25, 2017); *Chisom v. Edwards*, 2012 WL 13005340, at *7-9 (E.D. La. Aug. 6, 2012).

[doc. # 4], and motion for appointed counsel, [doc. # 5], be **DISMISSED AS MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 13th day of August, 2021.

Kayla Dye McClusky
United States Magistrate Judge